## Evans v. Anderson

*Max W. Gibbs*, for plaintiffs.

*Frederick C. Fiechter, Jr.*, for defendants.

KELLEY, J., February 1, 1961.—This matter is once again before the court on defendants' preliminary ob-

jections, this time filed to plaintiffs' reply to defendants' amended answer and new matter.

Defendants, in their amended answer, have averred the existence of a release made in their favor by persons, the Silvers, not parties to this action, although identified in the amended answer by name. Plaintiffs replied by way of stating that they were without knowledge or information sufficient to form a belief as to the truth of this averment and that all means of proof were in the exclusive control of defendants. They thereby attempted to deny the averment.

Defendants contend that such an answer is, within the strict meaning of the rules, an admission. While they are technically correct, nevertheless the reply is correctible. See 2A Anderson Pa. Civil Practice, §§1029.9 and 1029.10, pp. 244 and 245.

"Accordingly, an averment by the defendant that the exclusive means of proof of the facts averred by the plaintiff are within his exclusive possession will be ignored by the court where it is apparent . . . that a third person has knowledge of such facts *and it has not been averred that he is a hostile person.*" (Italics supplied.)

The "apparent" third persons are the Silvers. Because the facts as admitted by both counsel show that the interest of the Silvers may well be adverse to plaintiffs, all plaintiffs need do is merely allege that they are without knowledge and that all means of proof are either within the exclusive control of defendants or within the control of third persons who are hostile or adverse.

### Order

And now, to wit, February 1, 1961, the preliminary objection of defendants to plaintiffs' reply is sustained and plaintiffs have 20 days from date hereof to file an amended pleading.